Good morning, Your Honors. Good morning. May it please the Court, Justice Fletcher, Justice Berzin, Justice Callahan, Mr. Jacob. My name is Georgia McMillan. I represent the petitioner, Valerie Beidler, on appeal from the district court's denial of her petition for habeas corpus relief. The certified question is whether the district court properly denied, as waived, petitioner's Bateson claim as to two jurors, juror 12 and juror 69. Our answer is no. The D.C. found that there was no Bateson objection made as to the exclusion of jurors 12 and 69. The D.C. said that it had not located any established Supreme Court law. We think the D.C. is wrong on that score. Under our analysis, we think that Bateson and the Ford case clearly establish the reigning law in this matter. All right. So you're essentially arguing, you know, and I think there may be something in it, but I don't know where it leads you, that this isn't a question of this is not a federal procedural question. It's a state procedural question. Yes. But if it's a state procedural question, then don't you have a procedural default problem? The state said you didn't do it right under state law. The state court said that. I understand the issue, Judge Berzin, except that we've got the Bateson-Ford, and Bateson-Ford tells us, the Supreme Court tells us, to look at state procedure. Right. And so when I look at state procedure, I look at McDermott and the cases that McDermott relied on, Gore and Rodriguez, and there it tells us that when that objection is made during the selection of the alternate jurors, it relates back to the objection. And so you're saying that the state court, as I remember, that decided that, in fact, you were not challenging those earlier jurors, and why isn't that not a binding determination because it is a state procedural ruling? In other words, you're saying you're essentially saying the applied state law wrong. That's what you're saying. But you're not really making an adequacy argument. I'm just having my general instinct is you're right. This should be a state procedural question. But I don't know where that leads to, and it hasn't been really spun out in the briefs. It's a thorny issue, Your Honor, because the objection, what we allege is an objection is just not the greatest objection in the world. It's couched in. But if you had a state procedural, then wouldn't you be procedurally defaulted? So it's kind of like if you make that argument, then don't you lose. I mean, because it really wasn't framed this way. You've all approached it AEDPA-wise. Right. Under AEDPA, however. But are you approaching it AEDPA-wise because you know that you're procedurally defaulted? Well, I don't think we have a choice, though, Justice Callahan. And mustn't we approach it under AEDPA and then look at what AEDPA lays out for us and look to see whether, as the D.C. said, the D.C. said, I've got no Supreme Court law here to guide me. And so our position, when we look at that statement, you know, I go and I look at the law, and I think, well, no, the D.C. did have Supreme Court law. It had Bateson and it had Ford. Bateson and Ford told us to look at California practice. Okay. Okay. But I still – so you need to sustain your burden on procedural default. And the – in order to do that, I mean, you have some sort of nice state law that seems to at least say that you maybe shouldn't have been defaulted, but in fact you were. The state court determined in their interpretation that you hadn't met the state procedural rules, so then it seems to me you have an adequacy problem now. Well, but we challenge that state finding, however, in our brief, of course. We don't think that the state court is correct on that score, that when we look at what happened during this small moment in time in this long jury trial, we think that there was an objection. As I say, it wasn't a great objection, but – Well, counsel, let's look – you say it wasn't a great objection. Let's look at what they actually said. Well, I should have objected to those two jurors, but I didn't, so that's my problem. That's not much of an objection, and I assume that what the real objection should have been, that there was a pattern of dismissing all of the African-American potential jurors from the panel, but that was never put forward, and all he said was, well, yeah, I should have objected to those two jurors, and I didn't. So what kind of an objection do we have? It just looks like procedural default here. Justice Fletcher, we've got a really lousy objection, basically. I wish that trial counsel had objected, as Your Honor has just pointed out, but he didn't. But if I may, if we look at statements – Well, tell me why, and why would you have ever wanted that first juror, the first one that was excused, that her son had been injured and no one was ever caught. She said she was terrified. You know, I didn't just fall off the turnip truck, and that juror just screamed of, there would be no way a defense lawyer would want that juror. Maybe the prosecutor wouldn't, but, you know, I'd be thinking to myself, boy, I'm glad the prosecutor excused that juror because I don't have to waste one of my peremptories. That was not a good defense juror. Justice Callahan is referring to Juror 12, I believe. Well, the woman that her son was shot, and she was terrified, and she put yes and no, and she just didn't think she could look at any of the – and, I mean, this was, you know, this was factually just a horribly gruesome case. Yes. I can't say what benefit Juror Number 12 could have had, but the issue that we raise in the brief is, well, if you're going to – if the prosecutor is going to strike that juror because the son had been shot, but, more importantly, because she said that when she heard what the case was about, quote, unquote, chills ran through her body. And our problem with that statement is that we have a seated juror, Juror 51, who expressed equal, if not greater abhorrence to the nature of the evidence that was going to be – Because of the either lousy or nonexistent objection, the prosecutor was never given an opportunity to explain his reasons for excusing the other two jurors. And so, at a minimum, before one could have a Batson defense, there would have to be an evidentiary hearing as to that and, presumably, as to ineffective assistance of counsel, quite possibly. And you never asked for either of those anyplace, did you? I don't mean you, but counsel for the petitioner or the petitioner. I mean, isn't there another insuperable problem here, which is that the State court was never given an opportunity to find the facts or asked to find the facts with regard to the other two jurors? Well, maybe, but we think that there – You see, after the clear objection was made, not the lousy objection, but the good objection to Juror No. 7, the prospective alternate, the court said a very interesting thing, the trial court. The court said that it found a prima facie case based on the sheer numbers and also the fact that Prospective Juror No. 7 was the last African-American in the jury veneers. So our interpretation of those two comments, the sheer numbers and the last African-Americans, tells us that the trial court was looking at this as more of a systemic problem of the use of these peremptory challenges. So you think – is that by way of an answer saying the prosecutor could at that point have given his reasons on the others but didn't? The prosecutor could have. We think that the fault lies more with the trial judge. The trial judge – it's our opinion that the trial judge at that point recognized that there was a problem with the peremptory challenges to Jurors 12 and 69, the African-American jurors who were bumped during the selection of the 12CA. You're almost out of time, but I have one more question. You have also briefed an uncertified question. Yes. That question was not raised in the district court, is that right? That's correct. It was not. So why should we reach it? This is my alternative argument, my fallback position, so that if the court disagrees with our certified answer that the issue was waived, then our argument is that the reason for the waiver was ineffective assistance of counsel. That could have been raised in the district court, if that was really an argument. I mean, you're talking the first time on appeal. Okay. Thank you very much. Thank you, counsel. Good morning. May it please the Court, Ronald Jacob, Deputy Attorney General for Appellees. It's an appellee's position that this case comes down to an application of 2254E1 in whether the state court would approve a waiver.  That's correct. That was correct in finding that no objection was made. All right. I have two problems with that, three problems. One, I don't know why it's a fact-finding by a court of appeals about a waiver. That's not usually how one makes facts. Number two, I don't understand why this isn't a state procedural question like any other. And three, I don't know why you don't want it to be. I'm really mystified by the whole posture of this case. Well, it is our position. One reason why we wouldn't want it to be, because then we don't need to get into this, into cause and prejudice. Okay. But nobody's even actually ever made a the only cause reason could be ineffective assistance. That's never been exhausted, and it wasn't argued below. You don't have too much of a problem. And it just seems incoherent to me to be saying that this ought to be viewed as a fact question. It's not. You don't really want it to be a Federal procedural question, do you? Well, actually. Does the State really want the question of how you make an objection in state court under BATS to be a Federal question? Well, first of all, Your Honor, it's not. We don't view it as our choice. Well, I'd like to know what you seem to be fighting the notion that there is a Supreme Court case saying it isn't. And there does seem to be a Supreme Court case saying it isn't. So why are you so adamant about this? Well, it's our position that we would prevail either way. But as to the Federal issue, BATS does say an objection must be made. And here there was no objection whatsoever. And that's why we go back to 2254E1. However, we should also prevail on a State procedural bar theory as the Court's questioning was addressing as well. On the ‑‑ to switch gears for a minute. As to the uncertified question, I understand you haven't briefed it. But the Court of Appeals, State Court of Appeals reached it. So there I don't think that ‑‑ I don't really think you have an exhaustion argument with regard to the State court. Well, yes. In their footnote, they did address the IAC question that any objection would have been meritless. But that was the Court of Appeal. That issue was not raised before the California Supreme Court in the petition for review. So it was not exhausted to the State's highest court, although the intermediate court did dabble with it in a footnote. So we would argue that it's not exhausted. I see. Unless the Court has any further questions, we'd be prepared to submit. Judge Fletcher? No. Okay. That's fine. Thank you. Thank you, Your Honor. No further argument? Okay. Thank you very much. The case just argued as submitted. The Court will take a five-minute recess. Five to seven.
judges: Fletcher B. , Berzon, Callahan